The Chancellor.
Admitting that the complainant is entitled to the benefit of the statute of the state of New York, and that, by virtue of that statute, his lands, which have been sold under the judgment in attachment, are entitled to an exemption from liability to pay it, still I do *170 not see upon what principle this court can interpose and stay the process of execution to carry that judgment into effect. The judgment has been obtained in due course of law, and execution has been issued upon it, and the property duly sold.
On the ground of mere inadequacy of price, this court has repeatedly held that it will not interfere with a sale under its own decree, unless, indeed, the price is so grossly inadequate that from such inadequacy the coui’t may infer fraud. But where, in addition to the inadequacy of price, there has been some mistake or accident beyond the control of the party injured, which has caused the property to be sacrificed, there the court will, in some cases, interfere. The same grounds upon which the court may properly interfere with its own process will not justify its interference with the process of other courts. This court is asked to interfere with this sale, on the ground of inadequacy of price, coupled with the considerations, that the judgment, being in attáchment against a nonresident debtor, he had no personal notice, and was not aware of any proceedings against him until the sale by the sheriff had actually taken place, and that he has a good defence against the judgment upon which the execution issued. If these grounds are sufficient, then in all sales upon judgments in attachment this court must interfere, if the debtor had not actual notice of the proceedceedings in attachment which subjected his land to execution and sale, and if he has a good defence against the judgment. There must be something more to justify the interposition of this court.
But there are other difficulties. The complainants do not show that they have a case entitling them to relief, if it were within the power of the court, and the court had jurisdiction of it, to adjudicate upon it. The complainant, John Eberhart, does not show that the lands in question are within the beneficial provisions of the statute of New York. This he was bound to do. He has no *171 case for relief, unless lie brings himself within the beneficial provisions of the statute.
The complainant, Eberhart, should show by his bill— first, that the judgments in New York were for debts of his wife, contracted before marriage. The bill does not show whether the judgments were for debts or for torts. On the argument, the defendants read an affidavit showing that the judgments were recovered in suits for slander. No objection was made, by the opposite party, to reading the affidavit, though it was not competent under the rule, which allows of no affidavits except such as are annexed to an answer, unless taken under a special order of the court.
The complainants insisted that the statute embraces torts, as well as debts. But no reasoning can show that the legislature meant any such thing, unless some judicial or legislative authority of that state can be produced to establish that there is no distinction between a tort and debt in their judicial proceedings. But the complainants further insisted that, as to one of the judgments, the marriage having taken place after verdict, and before judgment, the verdict liquidated the damages, and that from the date of the verdict the amount ascertained by that verdict became a debt, and consequently, when the marriage took place, that verdict was a debt due from the wife. Eor some purposes that may be true, but not for the purpose of entitling the husband to the benefit of this statute. Such a construction is not within the letter or spirit of the statute.
But, secondly, the bill must show that the husband did not acquire the separate property of his wife, or any portion thereof, by any ante nuptial contract, or if he did, then it must show the value of such property; for, by the statute, the estate of the husband is liable for the debts of the wife contracted before marriage to the extent of the property so acquired. There is no allegation, in the bill, to bring the husband within this provision of the statute. *172 By the rough draft of the complainants’ bill, which is inadvertently (I suppose) before me for the purposes of this argument, it appears that the property which is claimed as exempt from execution for the wife’s debts was, on the 11th of September, 1858, which was ten days after the verdict and less than ten days before her marriage, conveyed by the wife to her present husband. The affidavit, before referred to, also shows this fact, and there is no denial of it before the court'.
I do not think the complainant makes out a case by his bill to entitle him to relief, and the motion for an injunction must therefore be denied with costs. I have noticed only the points taken by counsel in argument.